UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

| | |
|---|---|
| MARK BOYED,<br><br>  Plaintiff,<br><br>v.<br><br>SCHEER, GREEN & BURKE, CO. L.P.A.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-02229<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARK BOYED ("Plaintiff"), by and through his attorneys, Consumer Law Partners, complaining as to the conduct of SCHEER, GREEN & BURKE, CO. L.P.A. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Allen County, Ohio, which is located within the Northern District of Ohio.

5. Defendant provides "collection and collection litigation attorney & lawyer services for business, corporation, organizations, government agencies, and other entities in Toledo, Northwest Ohio, Southeast Michigan, and throughout the nation."[1] Defendant's registered agent – Michael Burke, is located at 237 Spitzer Building, Toledo, Ohio 43604. Defendant regularly collects upon consumers residing within the state of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. On two different occasions in 2019, Plaintiff visited Lima Memorial Hospital ("Lima") and New Vision Medical Laboratories ("New Vision"), to obtain medical services.

8. Plaintiff eventually defaulted upon his payments owed to Lima and New Vision, thus incurring two different medical debts ("subject debts").

9. Upon information and belief, after the subject debts were purportedly in default, the subject debts were assigned to Defendant for collection purposes.

10. On or about September 16, 2020, Defendant sent or caused to be sent to Plaintiff a dunning notice seeking collection of the subject debts ("September 16th letter").

11. This September 16th letter was the first written communication Plaintiff received from Defendant in connection with the subject debts.

---

[1] https://nationalcollectionattorneys.com/

12. As the initial written communication with Plaintiff, Defendant's September 16th letter appears to contain some of the disclosures required in such communications, pursuant to 15 U.S.C. § 1692g(a).

13. Defendant's September 16th letter sets forth the two subject debts, however, rather than identifying the actual amounts of each of the subject debts, Defendant simply lists a "Balance Due" of $676.15, as seen below:

```
Regarding your account with:          Balance Due:     $676.15
LIMA MEMORIAL HOSPITAL                File Number(s).:
NEW VISION MEDICAL LABORATORIES       13858373
                                      13858375
```

14. Plaintiff did not recall owing $676.15, and was confused as to the amount of each of the subject debts.

15. Defendant's September 16th letter failed to apprise Plaintiff of the amount of the distinct subject debts, which in turn, hampered Plaintiff's ability to dispute the individual amount of one of the two subject debts and/or pay one of the two subject debts.

16. In an effort to clarify his confusion, Plaintiff visited Defendant's website, "nationalcollectionattorneys.com," which was provided in Defendant's September 16th letter.

17. Upon accessing Defendant's website and clicking, "Make Payment," Plaintiff was offered the following options:

- Make a payment that the payment Up To $250.00
- Make a payment that the amount is between $250.00 and $500.00
- Make a payment that the amount is between $501.00 and $750.00
- Make a payment that the payment amount between $751.00 and $1000.00
- Make a payment that the payment amount between $1001.00 and $2000.00
- Make a payment that the payment amount between $2001.00 and $2500.00
- Make a payment that the payment amount between $2501.00 and $3200.00
- Make a payment that the payment amount between $3201.00 and $4500.00

18. Given the fact that Defendant's September 16th letter did not list the amounts of the subject debts, Plaintiff was unsure as to how he could address one of the two subject debts, and upon clicking into the various options set forth on Defendant's website, Plaintiff was informed of conflicting and confusing information.

19. For instance, upon clicking "Make a payment that the payment Up To $250.00," Plaintiff is told, "*A $9 service charge will be added."

20. Yet, if Plaintiff wanted to address the entirety of the subject debts ($676.15), Plaintiff would have to click on the link, "Make a payment that the amount is between $501.00 and $750.00."

21. Upon doing so, Plaintiff is informed, "*A $55 service charge will be added," which was confusing to Plaintiff as the amount of the service charges varied greatly.

22. Defendant's communications created a probability of confusion as to how much Plaintiff is said to owe regarding the subject debts, as well as which accounts would be satisfied upon payment on the account.

23. Moreover, Defendant's website required Plaintiff to accept the service charge in order to remit payment.

24. Defendant gave the false impression that it could charge the service charge, when in fact, any such charge is impermissible pursuant to any underlying contract between Plaintiff and the two original creditors, or as a matter of law.

25. The inclusion of an excessive service charge created a false, deceptive and misleading representation as to the actual amount owed.

26. As a result of Defendant's unlawful behavior, Plaintiff was forced to retain counsel, and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

27. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debts given Defendant's violations of law, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debts serving as the basis of Defendant's collection efforts.

28. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

32. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.    **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the nature and amount of the subject debts to Plaintiff in its collection letter. Upon reviewing Defendant's initial September 16th letter, Plaintiff did not remember owing, and did not recognize the total balance of $676.15, as Defendant was attempting to collect upon two separate accounts, stemming from two separate medical visits, from two different creditors.

36. Defendant further violated §§ 1692e, e(2)(A), e(10) by deceptively attempting to collect the subject debts through its representation that Plaintiff would be charged a service charge. Such a charge is not authorized by any agreement between Plaintiff and the original creditors, nor is it authorized as a matter of law or otherwise. Therefore, Defendant's attempt to collect upon these charges without any further explanation of what that balance or rate represented, was a false and deceptive attempt to collect upon the subject debts.

37. Defendant was not entitled to collect the service charge from Plaintiff in connection with the subject debts, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

38. Defendant knows that its representations to consumers concerning the fees being collected, and the consumer's rights under the FDCPA, cannot be false, deceptive and/or misleading.

39. Based on the range of figures listed on Defendant's website, it is clear that any payment submitted through Defendant's website would go directly to Defendant, and thus, the service

charge was not a pass-through fee, but rather a fee imposed by Defendant in an effort to collect an amount above and beyond what was expressly authorized by the underlying agreement between Plaintiff and the original creditors.

### b. Violations of FDCPA § 1692f

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Moreover, under §1692f(1), a debt collector is prohibited from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

42. Defendant violated §1692f when it attempted to collect the excessive service charges, despite the fact that said charges were not expressly authorized by the agreement creating the subject debts, nor authorized by law.

43. As set forth in paragraphs 26 through 28, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

### c. Violations of the FDCPA § 1692g

44. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity of certain debts in the initial written communication with consumers. Pursuant to 15 U.S.C. § 1692g(a)(1), a debt collector must adequately provide "the amount of the debt."

45. Defendant violated § 1692g(a)(1) when it failed to adequately identify the amount of the debts in its September 16th letter. Defendant's letter includes two distinct debts, both of which Plaintiff is apprised of for the first time in that correspondence, and Defendant simply includes a balance due of $676.15, without informing Plaintiff of the amount of the subject debts. The subject

debts were incurred on different dates from different creditors, and Defendant lumped both debts together in an effort to extract additional payment from Plaintiff. Defendant's failure in this regard illustrates its failure to comply with the strictures imposed upon debt collectors by § 1692g(a). Defendant's failure posed a risk of harm to Plaintiff's ability to intelligently determine the best way for him to go about addressing the subject debts.

WHEREFORE, Plaintiff, MARK BOYED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 1st day of October, 2020.	Respectfully Submitted,

/s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Mark Boyed*